UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JEREMIAH LEE MAY, an individual; SCOTT LAWRENCE MAY, an individual; GAVIN ROYD MAY, an individual; and RUSSELL LANE, an individual,

    Plaintiffs,

  v.

RONALD LEE HAAS, an individual; SCHNEIDER NATIONAL CARRIERS, INC., an unknown corporation; and DOES 1 through 40, inclusive,

    Defendants.

No. 2:12-cv-01791-MCE-DAD

MEMORANDUM AND ORDER

----oo0oo----

Plaintiffs, Jeremiah Lee May, Scott Lawrence May, Gavin Royd May and Russell Lane (collectively, "Plaintiffs"), originally brought this action in the Superior Court of the State of California, County of Sacramento, against Defendants Ronald Lee Haas ("Haas"), an individual, and Schneider National Carriers, Inc. ("Schneider National"), a Nevada corporation with its principal place of business in Wisconsin.

///

1

Defendant Schneider National timely removed the action to this Court pursuant to the Court's diversity jurisdiction, and Plaintiffs subsequently filed a Motion to Remand, which is presently before the Court.  For the following reasons, Plaintiffs' Motion to Remand is DENIED.[1]

## BACKGROUND[2]

On May 29, 2012, Plaintiffs filed this action against Defendants Haas and Schneider National in state court alleging causes of action for wrongful death and negligence.  Plaintiffs allege that, on July 30, 2011, a truck owned by Defendant Schneider National and operated by Defendant Haas collided with a car driven by decedent George May ("Decedent").  According to Plaintiffs, Defendant Haas's negligence was the cause of the accident which led to Decedent's death.

As alleged, Plaintiffs are citizens of Colorado and Kansas; Defendant Haas is a citizen of California; and Defendant Schneider National is a Nevada Corporation with its principal place of business in Wisconsin.  Schneider National was served with the summons and Complaint on June 18, 2012.  On July 6, 2012, Schneider National removed the action to this Court, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.

---

[1] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefing.  E.D. Cal. Local Rule 230(g).

[2] Unless otherwise noted, the following facts are taken from the Notice of Removal, filed by Defendant Schneider National on July 6, 2012 [ECF No. 1], and Plaintiff's Complaint, attached to the Notice of Removal as Exhibit A.

2

It is undisputed that, at the time of the removal, Defendant Haas had not been served.[3]

**STANDARD**

A defendant may remove any civil action from state court to federal district court if the district court has "original jurisdiction" over the matter. 28 U.S.C. § 1441(a). Generally, district courts have original jurisdiction over civil actions in two instances: (1) where there is complete diversity between the parties and the amount in controversy exceeds $75,000; or (2) where a federal question is presented in an action arising under the Constitution, federal law, or treaty. 28 U.S.C. §§ 1331 and 1332. However, under the "forum defendant rule," a diversity action "may not be removed if any of the parties in interest <u>properly joined and served as defendants</u> is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added).

**ANALYSIS**

In seeking remand, Plaintiffs argue that the removal was improper under the forum defendant rule because Defendant Haas is a California citizen. (Pl's Mot. at 5.)

---

[3] Defendant Haas was served with the summons and Complaint on July 12, 2012, six days after Schneider National filed its Notice of Removal. (Pls.' Mot. to Remand ("Pl's Mot.") [ECF No. 9], filed July 17, 2012, at 4.)

3

In response, Schneider National contends that the removal is proper because no California citizen had been "properly joined and served" at the time of removal. (Def.'s Opp. [ECF No. 12], filed Aug. 9, 2012, at 3.)  Schneider National argues that § 1441(b) should be read in accordance with the plain language of the statute such that remand is only appropriate by the presence of an in-state defendant who had already been served at the time of removal. (Id.)  Plaintiffs counter that a plain language reading of § 1441(b) would result in forum shopping and gamesmanship based on the speed of service, and thus would be contrary to the purpose underlying the statute which was to discourage such behavior and to protect out-of-state defendants from possible prejudices in state court.[4]  (Pls' Reply [ECF No. 14], filed Aug. 16, 2012, at 2.)

A plain meaning interpretation is consistent with one of the fundamental principles of statutory interpretation "that the meaning of a statute must, in the first instance, be sought in the language in which the act is framed." Caminetti v. United States, 242 U.S. 470, 485 (1917).  If the statutory language "is plain, and if the law is within the constitutional authority of the lawmaking body which passed it, the sole function fo the courts is to enforce it according to its terms."

---

[4] The Ninth Circuit explained in Lively v. Wild Oats Mkts., Inc., 456 F.3d 933, 940 (9th Cir. 2006) that the purpose of section 1441(b) is "to protect out-of-state defendants from possible prejudices in state court.  The need for such protection is absent, however, in cases where the defendant is a citizen of the state in which the case is brought.  Within this contextual framework, the forum defendant rule allows the plaintiff to regain some control over forum selection by requesting that the case be remanded to state court."

4

1 | Id.; see also Barnhart v. Sigmon Coal Co., Inc., 534 U.S. 438,
2 | 461-62 (2002) ("We have stated time and again that courts must
3 | presume that a legislature says in a statute what it means and
4 | means in a statute what it says there.")  (citations omitted).
5 | This Court must enforce the existing statutory text according to
6 | its plain terms unless doing so "would lead to absurd results" or
7 | "would thwart the obvious purpose of the statute." Commissioner
8 | of Internal Revenue v. Brown, 380 U.S. 563, 571 (1965) (citations
9 | omitted).
10 |     In Spencer v. U.S. Dist. Ct. for N. Dist. of Cal.,  the
11 | Ninth Circuit applied the plain meaning interpretation of
12 | § 1441(b) when it considered "whether the joinder of a local, but
13 | completely diverse defendant, after an action has been removed to
14 | federal court, requires remand." 393 F.3d 867, 870-71 (9th Cir.
15 | 2004).  The court held that the post-removal joinder of a forum
16 | defendant does not require remand so long as removal was proper
17 | at the time of removal. Id. at 871.  The court explained that
18 | "[c]hallenges to removal jurisdiction require an inquiry into the
19 | circumstances at the time the notice of removal is filed." Id.
20 | "Subsequent events, at least those that do not destroy original
21 | subject-matter jurisdiction, do not require remand." Id.  Thus,
22 | Ninth Circuit precedent, although not directly on point, appears
23 | to support the plain meaning interpretation of section 1441(b).[5]

---

[5] The Ninth Circuit has yet to provide guidance as to the proper interpretation of section 1441(b) when a defendant removes an action before a forum defendant has been served. See Khashan v. Ghasemi, 2010 WL 1444884, at *3 (C.D. Cal. Apr. 5, 2010) ("Because district court orders under § 1441 are generally not reviewable, the Ninth Circuit and other circuit courts have not had the opportunity to provide guidance on this point.")

Plaintiffs rely on a line of unpublished district courts' decisions rejecting the plain meaning interpretation of § 1441(b) in favor of the interpretation based on the statute's underlying policy and purpose.[6] (Pls' Mot. at 8 n.4.)  However, in all of the cases cited by Plaintiffs, courts found it dispositive that none of the defendants had been served prior to removal or that plaintiffs had been deprived of a meaningful opportunity to provide service before defendants filed for removal. See, e.g., Khashan, 2010 WL 1444884, at *3 (finding that none of the defendants had been served at time of removal); Mohammed, 2009 WL 857517, at *3-4 (same); Hoskinson, 2010 WL 2652467, at *2 (finding that Plaintiffs were deprived of "a sufficient opportunity to serve the forum defendant" because the case was removed two days after the suit was filed); Morris, 2010 WL 2652473, at *2 (same).

Here, Schneider National filed its Notice of Removal on July 6, 2012, twenty-eight days after the Complaint was initially filed and eighteen days after Schneider National was served. Thus, Plaintiffs had sufficient time to effectuate service on Defendant Haas before Schneider National filed its Notice of Removal.

///

---

[6] Plaintiffs cite to Traslavina v. MDS Pharma Servs. Inc., 2011 WL 2132880 (D. Ariz. May 27, 2011); Morris v. Alza Corp., 2010 WL 2652473 (E.D. Cal. July 1, 2010); Hoskinson v. Alza Corp., 2010 WL 2652467 (E.D. Cal. July 1, 2010); Khashan v. Ghasemi, 2010 WL 1444884 (C.D. Cal. Apr. 5, 2010); Ibarra v. Protective Life Ins. Co., 2009 WL 1651292 (D. Ariz. June 12, 2009); Mohammed v. Watson Pharm. Inc., 2009 WL 857517 (C.D. Cal. Mar. 26, 2009); Standing v. Watson Pharm. Inc., 2009 WL 842211 (C.D. Cal. Mar. 26, 2009).

6

1  Contrary to Plaintiffs' assertion, Schneider National did not
2  "race" to the courthouse to remove this case to federal court.
3  (See Pl's Mot. at 4.)  Therefore, the concern of procedural
4  gamesmanship by defendants is not present here.  Accordingly,
5  the Court finds no reasons to depart from the plain language of
6  § 1441(b).  Under the circumstances at issue, adopting an
7  interpretation of § 1441(b) based on its underlying purpose and
8  policy would undermine a fundamental principle of statutory
9  interpretation that gives deference to the plain meaning of the
10 statute.  See Caminetti, 242 U.S. at 485.
11      It is undisputed that Defendant Haas had not been served at
12 the time Schneider National removed the case to this Court.  It
13 is also undisputed that complete diversity continues to exist
14 between the parties after Haas has been served.  Because no local
15 defendant was served at the time of removal, removal of this
16 action was proper.  Therefore, Plaintiffs' Motion to Remand is
17 denied.

**CONCLUSION**

20      Based on the foregoing, the Court DENIES Plaintiff's Motion
21 to Remand.
22      IT IS SO ORDERED.

Dated: October 15, 2012

---

MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

7